UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMIDE BEVERAGE COMPANY LLC | § § | |
| | § | CIVIL NO. 4:24-CV-1022-SDJ |
| v. | § | |
| | § | |
| AMAZON.COM. INC., ET AL. | § | |

**<u>PROTECTIVE ORDER</u>**

The Court, at the joint request of the parties, issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation. This Protective Order supersedes the terms of any previous protective orders entered in this action, including Appendix A to the Court's Order Governing Proceedings (Dkt. #101).

In support of this order, the Court finds that:

1.      Documents, information, or tangible things  that bears significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation and contains proprietary and business  information and/or trade secrets ("Confidential Information"); some of this information would, if disclosed publicly or to another Party or non-party create a substantial risk of serious competitive harm that could not be avoided by less restrictive means ("Highly Confidential" or "Highly Confidential – Attorneys' Eyes Only" information).

1

2.     The parties to this litigation may assert that public dissemination and disclosure of Confidential or Highly Confidential information could severely injure or damage the party disclosing or producing the Confidential or Highly Confidential Information and could place that party at a competitive disadvantage;

3.     Counsel for the party or parties receiving Confidential or Highly Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential or Highly Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential or Highly Confidential Information; and

4.     To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, and for good cause shown under Federal Rule of Civil Procedure 26(c), the Court grants the parties' joint request and hereby enters the following Protective Order:

5.     Documents or discovery responses containing Confidential or Highly Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Documents" or "Protected Material." Except as otherwise indicated below, all documents or discovery responses designated by the producing party by affixing the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on such document or discovery response before or when the material is disclosed or produced, and which are disclosed or produced to the attorneys for the other parties to this litigation are Protected Documents and are entitled to Confidential Treatment as described below.   In the case of native electronic

documents produced by a Party, the appropriate designation shall be included on a slipsheet along with the corresponding Bates number and file name of the native file.

6.     For testimony given in deposition or in other pretrial or trial proceedings, any Party or non-party may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "Confidential," unless any Party or non-party invokes another designation on the record that shall apply during this 30-day period.

    a.  Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties and any non-parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or who are otherwise permitted to access "Confidential" or "Highly Confidential" materials are present at those proceedings.

7.  Protected Documents shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that have submitted to any governmental entity without request for Confidential Treatment.

8.  At any time after the delivery of Protected Documents, counsel for the party

or parties receiving the Protected Documents may challenge the Confidential or Highly Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the confidentiality designation of discovery material is appropriate, the party or parties receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents. Thereafter, the party or parties receiving the Protected Documents shall have ten (10) days from the date of certification to file a motion to re-designate information characterized as a Protected Document under the terms of this Protective Order. The party or parties producing the Protected Documents shall have the burden of establishing that the disputed Protected Documents are entitled to confidential treatment. All Protected Documents are entitled to the producing party's pre-challenge confidentiality designation pursuant to the terms of this Order unless and until the parties agree in writing to the contrary or until a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to Confidential Treatment.

9. Confidential Treatment means that Protected Documents and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below:

a. Protected Documents designated "Confidential" and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

    i. Outside counsel of record in this action for the party receiving Protected Documents or any information contained therein;

    ii. Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

    iii. The Court and its personnel;

    iv. Consulting and testifying experts of a receiving party in this action (1) to whom disclosure is reasonably necessary for the litigation of this action (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 10, below, have been followed;

    v. Court reporters, videographers, and their staff;

    vi. During their depositions, witnesses in the action to whom disclosure is reasonably necessary, and where the Protected Material is only disclosed to a person(s) who is: (i) eligible to have access to the Protected Material by virtue of his or her employment with the designating party, (ii) identified in the Protected Material as an author, addressee, or copy recipient

5

of such information, (iii) although not identified as an author, addressee, or copy recipient of such Protected Material, has in the ordinary course of business seen such Protected Material,

vii. a current or former officer, director or employee of a receiving party, or a current or former officer, director or employee of a company affiliated a producing party, but only insofar as is reasonably necessary for these individuals to assist in this litigation; and

viii. In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel of record in this action.

b. Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

c. For Protected Material designated as "Highly Confidential" or "Highly Confidential – Attorneys' Eyes Only," access to, and disclosure of, such Protected Material shall be limited to Qualified Persons listed in paragraphs 9(a)(i)–(vi).

10. Unless otherwise ordered by the court or agreed to in writing by the designating party, a receiving party that seeks to disclose to an expert any information or item that has been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" must, before the first time such

6

Protected Information is provided to an expert, provide written notification via e-mail to the designating party's outside counsel that (1) states that the expert is not presently employed by the designating party for purposes other than this Action; and (2) attaches an executed copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) signed by the expert. This notification shall be provided to the designating party at least 14 calendar days before the Protected Material is to be given to that expert to allow the designating party to object to and notify the receiving party in writing that it objects to disclosure of Protected Material to the expert. The parties agree to promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve any objection, the objecting party may file a motion within seven (7) days of the notice seeking a protective order with respect to the proposed disclosure. The objecting party shall have the burden of proving the need for a protective order. No disclosure to any expert shall occur until all such objections are resolved by agreement or Court order.

11. The term "copy" as used herein means any photographic, mechanical, or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

12. Any court reporter or transcriber who reports or transcribes deposition testimony in this action shall agree that all Protected Material designated as such under this Order shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such deposition

7

testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record. If any party wishes to submit to the Court information that the party seeks to keep under seal—for instance, information designated as Confidential Information—the party must also file a motion to seal pursuant to Local Rule CV-5(a)(7). The Court will evaluate such motions in accordance with the judicial-record sealing standard. Such submissions must be filed under seal on CM/ECF, if filed electronically, or, if filed in hard copy, in a sealed envelope bearing the caption of this action and a notice in the following form:

**CONFIDENTIAL INFORMATION**

**[Plaintiff] v. [Defendant], Civ. No. [Number]**

**This envelope, which is being filed under seal, contains documents that are subject to a Protective Order governing the use of confidential discovery material.**

This envelope, which is being filed under seal, contains documents that are subject to a Protective Order governing the use of confidential discovery material.

13. The filing party shall be responsible for informing the Clerk of the Court that a filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. Any portions of a pretrial pleading filed with the Court, or any exhibit thereto, containing Protected Material shall be redacted to the extent necessary and the pleading or exhibit filed publicly with

the Court. Any party or non-party who objects to the continued restriction on public access to any document filed under seal pursuant to the provisions of this Stipulation and Order shall give written notice of his objection to the designating party. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

14. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment. For documents inadvertently produced with the wrong or unintended confidentiality designation (e.g., produced with no designation instead of "Confidential", or produced as "Confidential" instead of "Highly Confidential"), at any time after the delivery of the documents, counsel for the party or parties producing the documents may update the designation of the documents by notifying the receiving party or parties and re-producing the Protected Documents with the updated confidentiality designation. Any challenge to any updated designation of Protected Documents is governed by paragraph 8.

15. Nothing in this Order shall require production of documents, information, or other material that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. Pursuant to Federal Rule of Evidence 502, the

9

inadvertent production or disclosure of any document or thing (including information and Protected Material) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity. If any receiving party recognizes that any producing party (or non-party) may have inadvertently produced such protected information, it shall notify the producing party promptly, and follow such procedures as set forth in this Order. If, after recognizing that privileged information has been produced or disclosed (through notice by a Receiving Party or otherwise), the producing party who made the inadvertent production or disclosure may send to each receiving party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time. Within ten (10) days of receiving such a request, the receiving party shall take reasonable measures to (a) return to the producing party all such documents and things identified by the producing party, and (b) delete any electronic records thereof. The receiving party shall not utilize the information contained in the inadvertently produced documents or things for any purpose, or disseminate or transmit such information, except as provided in paragraph 15(a).

    a. If the receiving party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the receiving party shall so notify the producing party

within the ten (10) day period referenced in paragraph 15. The receiving party may retain one (1) copy of the document(s) or thing(s) at issue for the purposes of filing a motion to contest the designation. The copy retained by the receiving party may not be used for any purpose except to present the information to the Court for a determination of the claim of privilege.

b. Within five (5) days after receiving a notice pursuant to paragraph 15(a), the producing party shall provide to the receiving party for each such document or thing a description of the basis for the claim of privilege or immunity.

c. Within seven (7) days after receiving such description, the receiving party may seek relief from the Court to declare that the documents and/or things are not privileged and/or to compel production of such documents and things. If the Receiving Party does not contest the designation within such seven (7)-day period, the one (1) copy, if any, retained by the receiving party as set forth in paragraph 15(a) of this Section shall be promptly destroyed. Likewise, in the event that the Court rejects the receiving party's challenge to the privileged status of the inadvertent production, the one (1) copy, if any, retained by the receiving party as set forth in paragraph 15(a) shall be promptly destroyed.

16. The party or parties receiving Protected Documents shall not under any

circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

17. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

18. Within 90 days of the termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Documents shall return the Protected Documents to the counsel for the party or parties disclosing or producing the Protected Documents or destroy its copies of the Protected Documents. The party or parties receiving the Protected Documents may retain their attorney work product which refers or relates to any Protected Documents. Attorney work product may be used in subsequent litigation provided that such use does not disclose Protected Documents or any information contained therein.

19. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**So ORDERED and SIGNED this 19th day of May, 2025.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMIDE BEVERAGE COMPANY, LLC | § § § | |
| | § | CIVIL NO. 4:24-CV-1022-SDJ |
| v. | § § | |
| AMAZON.COM, INC., ET AL. | § § | |

**<u>EXHIBIT A TO PROTECTIVE ORDER</u>**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," as defined in the Protective Order in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as Confidential Information or by order of the presiding judge.

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials or are to be destroyed.

Date: _____

Printed Name: _____

Signature: _____