**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| AMIDE BEVERAGE COMPANY, LLC<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., WOOT.COM LLC, WALMART, INC., SAM'S WEST, INC., ALBERTSON'S, LLC, THE KROGER COMPANY, TARGET CORPORATION, GNC HOLDINGS, LLC, PEPSICO, INC., WALGREEN CO., CVS PHARMACY, INC., 7-ELEVEN, INC., CIRCLE K STORES INC., COSTCO WHOLESALE CORPORATION, AND H-E-B, LP,<br><br>Defendants. | Civil Action No. 4:24-cv-01022-SDJ<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S NOTICE REGARDING STATUS
(ECF NO. 255)**

Defendant PepsiCo, Inc. and the Retailer Defendants[1] do not agree to Plaintiff's proffered *conditional* stipulation (ECF No. 255, "Plaintiff's Notice") regarding Defendants' Motion to Stay Retailer Claims (ECF No. 219, "Stay Motion").  Plaintiff's proposal is no stipulation at all; it is instead an attempt to obviate the relief sought in the Stay Motion by unilaterally taking all of the remaining discovery that would be needed from the Retailer Defendants.  Resolving the Stay Motion in due course will be more efficient for the Court and the parties than the proposal in

---

[1] For purposes of this Notice, the Retailer Defendants are Amazon.com, Inc., Woot.com LLC, Walmart, Inc., Sam's West, Inc., Albertson's LLC, The Kroger Co., Target Corporation, Walgreen Co., CVS Pharmacy, Inc., 7-Eleven, Inc., Circle-K Stores Inc., and Costco Wholesale Corporation. Collectively with PepsiCo, they are referred to as the "Defendants."

1

Plaintiff's Notice, which takes the paradoxical form of a conditional "stipulation" to which no other party has agreed.

Plaintiff conditions its proposed stipulation on completion of *twelve* 30(b)(6) depositions, one for each of twelve Retailer Defendants.  Plaintiff's Notice at 2.  Sparing discovery resources, such as those required for the twelve proposed depositions, is exactly the type of efficiency that justifies the Retailer Defendants' requested stay.  In arguing that a stay was not necessary, Plaintiff told the Court the Retailer Defendants' "burden of production" is "likely only financial documents."  (Plaintiff's Opposition to the Stay Motion, ECF. No. 225 at 14).  Now, even though Plaintiff already has received the "required documents discovery from most of the Retailers in this case" (Plaintiff's Notice at 1), Plaintiff seeks to further burden the Retailer Defendants with numerous depositions.  Defendants pointed to depositions such as these as one of the reasons a stay is appropriate.  *See* Reply In Support of Motion to Stay Retailer Claims (ECF No. 228) ("[Plaintiff's] discussion of the burden on the Retailers of continuing to litigate ignores what will actually burden them if no stay is granted. For example, Amide does not mention *depositions of the Retailers.*" (emphasis added)).

Burdening each of the Retailer Defendants with a deposition (twelve in total) is not an efficient means to resolve the Stay Motion—it is Plaintiff's attempted end run around the relief sought in that motion.  The Retailer Defendants intend to move to quash these depositions after meeting and conferring with Plaintiff.  Not troubling the Court with discovery disputes such as this is another rationale for the stay, particularly where discovery of the Retailer Defendants may be obviated by a trial against PepsiCo alone.  The Retailer Defendants seek to simplify the case and reduce the burden on the Court, while Plaintiff's plan would do the opposite.  The more efficient use of Court and party resources is to resolve the currently-pending Stay Motion in due

course before injecting a dozen depositions and an accompanying motion to quash into the calculus.

Dated: April 14, 2026

O'MELVENY & MYERS LLP
By:  */s/ Timothy S. Durst*
Timothy S. Durst (TX #00786924)
tdurst@omm.com
John Kappos (TX #24130097)
jkappos@omm.com
Patrick V. Plassio (TX #24102362)
pplassio@omm.com
2801 North Harwood Street
Suite 1600
Dallas, TX 75201-2692
Telephone: (972) 360-1900
Facsimile: (972) 360-1901

*Attorneys for Defendants PepsiCo, Inc.,.
Albertsons, LLC, Amazon.com, Inc., Costco
Wholesale Corporation, CVS Pharmacy, Inc.,
Sam's West, Inc., Target Corporation, Walgreen
Company, Walmart Inc, and Woot.com, LLC*

JACKSON WALKER LLP
By:  */s/ Nathaniel St. Clair, II*
Nathaniel St. Clair, II
Texas State Bar No. 24071564
nstclair@jw.com
Blake T. Dietrich
State Bar No. 24087420
bdietrich@jw.com
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 – Fax

Katharine Lee Carmona
State Bar No. 007873999
kcarmona@jw.com
100 Congress Avenue, Suite 1100
Austin, TX 78701
(512) 236-2000
(512) 236-2002 – Fax

*Attorneys for Defendant 7-Eleven, Inc.*

Cushman Partners LLC
By:  */s/ William P. Atkins*
William P. Atkins
(Virginia Bar No. 47562)
1100 H Street NW
Suite 740
Washington, D.C. 20005
Phone: 202-991-0006
Email: wpa@cushmanlaw.com

Benjamin L. Kiersz
(Virginia Bar No. 47032)
Pillsbury Winthrop Shaw Pittman
1650 Tyson Blvd
McLean, Virginia 22102
Phone: 703-770-7900
Fax: 703/770-7901
Email: benjamin.kiersz@pillsburylaw.com

Gregory P. Love
Steckler Wayne & Love, PLLC
(Texas Bar No. 24013060)
107 E. Main Street
Henderson, Texas 75652
Phone: 903-212-4444
Fax: 903-392-2267
Email: greg@swclaw.com

*Attorneys for The Kroger Co.*

GREENBERG TRAURIG, LLP
By:  */s/ Matthew J. Levinstein*
Matthew J. Levinstein
IL State Bar No. 6300343
Email: levinsteinm@gtlaw.com
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-1039
Facsimile: (312) 456-8435
Tyler Andrews
CA State Bar No. 250686
Email: tyler.andrews@gtlaw.com
18565 Jamboree Road, Suite 500
Irvine, CA 92612
Telephone: (949) 732-6500

4

Facsimile: (949) 732-6501
Joseph Griffith
TX State Bar No. 24045982
Email: joseph.griffith@gtlaw.com
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3666
Facsimile: (214) 665-5966

*Attorneys for Defendant Circle K Stores Inc.*

**CERTIFICATE OF SERVICE**

I certify that on April 14, 2026 I have electronically filed this Defendants' Response to Plaintiff's Notice Regarding Status with the Clerk of Court using the ECF system which will send notification of such filing to Plaintiff's counsel of record.

By: */s/ Timothy S. Durst*
Timothy S. Durst