### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| AMIDE BEVERAGE COMPANY, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> AMAZON.COM, INC., WOOT.COM LLC, WALMART, INC., SAM'S WEST, INC., ALBERTSONS COMPANIES, INC., ALBERTSONS, LLC, THE KROGER CO., TARGET CORPORATION, GNC HOLDINGS, LLC, PEPSICO, INC., WALGREEN COMPANY, CVS HEALTH CORPORATION, CVS PHARMACY, INC., 7-ELEVEN, INC., CIRCLE K STORES INC., COSTCO WHOLESALE CORPORATION, AND H-E-B, LP, <br><br> *Defendants.* | C.A. No. 4:24-cv-1022-SDJ <br><br> JURY TRIAL DEMANDED |

### PLAINTIFF AMIDE BEVERAGE COMPANY, LLC'S
### MOTION TO COMPEL RULE 30(b)(6) DEPOSITIONS
### OF THE PEPSI-SUPPLIED RETAILER DEFENDANTS

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................... 1

II.    BACKGROUND ..................................................................................................... 2

    A.  Procedural Posture and the Stay Motion.............................................................. 2

    B.  Amide's 30(b)(6) Notices and the Parties' Exchange.......................................... 2

    C.  Depositions Previously Taken in This Case ......................................................... 3

III.   LEGAL STANDARD............................................................................................. 4

IV.    ARGUMENT .......................................................................................................... 4

    A.  The Noticed Depositions Should Proceed ........................................................... 4

    B.  The OGP's Pre-Rule-16 Deposition Provision Does Not Bar This Motion ....................... 5

V.     CONCLUSION....................................................................................................... 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Nguyen v. SFM, LLC*,
   No. 4:19-CV-00722, 2020 U.S. Dist. LEXIS 266010 (E.D. Tex. June 9, 2020)........................4

*Rubaroc, USA, Inc. v. Rubcorp, L.L.C.*,
   No. 4:19-CV-080-SDJ, 2019 U.S. Dist. LEXIS 227280 (E.D. Tex. Nov. 25,
   2019) ...............................................................................................................................3, 4

*U.S. v. Colomb*,
   419 F.3d 292 (5th Cir. 2005) ...........................................................................................6

**Other Authorities**

F.R.C.P. 26...............................................................................................................................4, 5

F.R.C.P. 16.........................................................................................................................1, 2, 3, 5

F.R.C.P. 30(b)(6) ...............................................................................................................1, 2, 4, 5

F.R.C.P. 37..................................................................................................................................4

## I.      INTRODUCTION

Plaintiff Amide Beverage Company, LLC ("Amide") moves to compel a single, half-day deposition of all but one Retailer Defendant (the "Pepsi-Supplied Retailers"), limited to the topics of understanding the financial spreadsheet produced by each Pepsi-Supplied Retailer and any marketing materials in its possession.[1]  To this end, Amide has served a Rule 30(b)(6) notice on nine such Pepsi-Supplied Retailers, with each notice including only three deposition topics that are substantively identical across all notices.  Once all depositions are complete, Amide will consent to the existing Stay Motion (ECF No. 219) for the Pepsi-Supplied Retailers, with the logical proviso that all such stayed Pepsi-Supplied Retailers would be included in one omnibus damages trial to be scheduled promptly after the full trial for PepsiCo and H-E-B (which did not join the Stay Motion, since H-E-B was not, to Amide's knowledge, supplied by PepsiCo).

The Pepsi-Supplied Retailers object to this minimal discovery on the ground that their Stay Motion should be resolved first.  (*See* ECF No. 256.)  But proceeding with the depositions will streamline the Court's resolution of the Stay Motion, given that Amide will consent to its disposition as noted above.  Moreover, none of the Pepsi-Supplied Retailers have contested—nor could they contest—that the noticed topics seek discoverable information.  And the purported objection that a Rule 16 conference is necessary before depositions begin is inequitably inconsistent with the parties' approach to depositions so far—PepsiCo noticed and took depositions in this case without invoking the pre-Rule-16 provision, and no party (including no

---

[1] There are thirteen Defendants other than PepsiCo, and Amide has already issued 30(b)(6) deposition notices to nine of them.  For three of the remaining Defendants (i.e., 7-Eleven, Circle-K, and CVS), Amide expects to follow the same procedure.  (*See* ECF No. 255, at 1 n.2.) H-E-B is not, to Amide's knowledge, supplied by PepsiCo, and it did not join the stay motion. This case against H-E-B and PepsiCo should proceed regardless of the Stay Motion, and the Rule 16 conference should be ready to be scheduled for at least those two.

Pepsi-Supplied Retailer) objected.  That is, the parties have already agreed in process to proceed with limited depositions to move this 18-month-old case forward, at least in part.

No practical or resource-based objection can be sustained here either.  The Pepsi-Supplied Retailers are companies with enormous financial and human capital, and they have been asked only to offer a *single* employee for a *half-day* deposition each.  Fighting this motion would likely take more time and effort than conducting the depositions; granting this motion will move this case forward expeditiously on fair terms.  Indeed, a Rule 16 conference with respect to at least PepsiCo and H-E-B could also be set to designate timing of the requested depositions (which would seek properly discoverable material even if the case were against only those two parties).

## II.    BACKGROUND

### A.    Procedural Posture and the Stay Motion

This patent infringement action is governed by this Court's OGP (ECF No. 101), which originally set an Initial Rule 16 Management Conference for April 9, 2025; that conference has not yet occurred.  On July 8, 2025, PepsiCo and twelve of the Retailer Defendants (the Pepsi-Supplied Retailers) moved under the customer-suit doctrine to stay Amide's claims against the Pepsi-Supplied Retailers.  (*See* ECF No. 219.)  The Stay Motion remains pending.

### B.    Amide's 30(b)(6) Notices and the Parties' Exchange

On April 9, 2026, Amide filed a Notice describing the status of discovery and Amide's offer not to oppose the Stay Motion as to each PepsiCo-Supplied Retailer once a short 30(b)(6) deposition of that Retailer is complete (with the logical result thereafter being that the Retailers would be efficiently scheduled for an omnibus damages trial after conclusion of the trial against PepsiCo and H-E-B).  (ECF No. 255, at 1-2.)  The same day, Amide served Rule 30(b)(6) deposition notices on nine Pepsi-Supplied Retailers on three limited, discrete topics:  the

financial documents each PepsiCo-Supplied Retailer has produced (by Bates number); monthly sales volume, revenues, costs, and profits for the Accused Product across the November 18, 2018 to October 10, 2022 damages period; and marketing, promotion, and use of the Accused Product. On April 14, 2026, PepsiCo and the Pepsi-Supplied Retailers filed a Response, stating that the Pepsi-Supplied Retailers "intend to move to quash these depositions[.]"  (ECF No. 256 at 2.) The parties subsequently agreed to defer scheduling the depositions while Amide brings the issue before the Court via this Motion.

Amide intends to serve substantively identical 30(b)(6) notices on the three remaining Pepsi-Supplied Retailers—7-Eleven, Inc., Circle-K Stores Inc., and CVS Pharmacy, Inc.—on the same three topics, pending completion of their financial-document productions.  Amide's offer to consent to the Stay Motion, as described above, would be extended to those three Pepsi-Supplied Retailers too.

**C.**    **Depositions Previously Taken in This Case**

Two depositions have proceeded in this case to date without objection by Amide, ***both noticed by PepsiCo***.  On September 29, 2025, PepsiCo took the deposition of third-party Market Track, LLC witness Tony Moguel.  On December 10, 2025, PepsiCo deposed Amide's patent prosecutor Alexander Smushkovich; that deposition was held open by PepsiCo months ago, but has not yet been scheduled.  In PepsiCo's scheduling and taking of these depositions, no party invoked the OGP's pre-Rule-16 provision (deferring depositions until after the Rule 16 conference) or sought formal "agreement of the parties" under its carveout; the depositions instead proceeded by normal course of dealing and efficiency to move these proceedings forward, clearly invoking an implied "agreement" to allow reasonable depositions to proceed.

3

## III.    LEGAL STANDARD

This Court articulated the governing framework in *Rubaroc, USA, Inc. v. Rubcorp, L.L.C.*, No. 4:19-CV-080-SDJ, 2019 U.S. Dist. LEXIS 227280 (E.D. Tex. Nov. 25, 2019):

> Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  . . . Accordingly, there is a liberal policy with regard to the information considered relevant for purposes of discovery.  That liberal policy extends to deposition discovery.

*Id.* at *2-3 (internal quotation marks and citations omitted).

Rule 30(b)(6) provides: "In its notice or subpoena, a party may name as the deponent a public or private corporation . . . .  The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . . .  The persons designated must testify about information known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).

Under Rule 37, "a party seeking discovery may move for an order compelling a deposition . . . ."  *Rubaroc*, 2019 U.S. Dist. LEXIS 227280, at *9 (citing Rule 37).

## IV.    ARGUMENT

### A.    The Noticed Depositions Should Proceed

The noticed Rule 30(b)(6) depositions should proceed notwithstanding PepsiCo's and the Pepsi-Supplied Retailers' pending Stay Motion—and indeed *because of* it.  Conducting the depositions should resolve the Stay Motion.

Rule 30(b)(6) is mandatory in operation.  The noticed entity "must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf[,]" and the persons designated "must testify about information known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).  Once a notice is served on topics that

4

are established to be within the scope of Rule 26, the resisting party bears the burden to show why the discovery should not be permitted. *See Nguyen v. SFM, LLC*, No. 4:19-CV-00722, 2020 U.S. Dist. LEXIS 266010, at *2 (E.D. Tex. June 9, 2020) (Mazzant, J.).

Amide has served notices on three topics within the scope of Rule 26, and the Pepsi-Supplied Retailers' Response (ECF No. 256) raised no objection to relevance or scope. Because the Pepsi-Supplied Retailers have not substantively justified deferring the depositions, Rule 30(b)(6) requires the depositions to proceed.

Proceeding with the depositions is also independently warranted by case-management considerations because it will streamline the Court's resolution of the Stay Motion and efficiently move this case forward as anticipated and condoned by implicit party agreement and action to date. Amide has offered, in its Notice, to file with each PepsiCo-Supplied Retailer a joint stipulation to not oppose the Stay Motion as to that PepsiCo-Supplied Retailer upon completion of that Retailer's 30(b)(6) deposition (ECF No. 255, at 1-2) (with the logical understanding, of course, that the Pepsi-Supplied Retailers would be subject to a prompt scheduling of one efficient, omnibus damages trial after conclusion of the trial against PepsiCo and H-E-B (a non-moving, *non*-Pepsi-Supplied Retailer)). In other words, ordering the depositions to proceed should resolve the Stay Motion. Indeed, there would be no reason then (or now, for that matter) to further delay the Rule 16 conference for Amide's case against PepsiCo and H-E-B. Deferring the depositions, by contrast, leaves the Stay Motion unresolved and the case effectively stalled, ***except for the depositions that PepsiCo demanded and took already***.

### B.     The OGP's Pre-Rule-16 Deposition Provision Does Not Bar This Motion

Based on the parties' communications leading to this motion, Amide anticipates that PepsiCo and the Pepsi-Supplied Retailers will rely on the OGP's pre-Rule-16 deposition

5

provision.  The OGP provides: "Absent agreement of the parties, depositions of witnesses shall not be taken until after the Initial Rule 16 management conference."  (OGP § I.)  The Initial Rule 16 conference, originally scheduled for April 9, 2025, has not yet occurred.  But that OGP provision does not support deferring the noticed depositions here because: (1) the case has progressed long past the normal time period when the Rule 16 conference would normally take place, and (2) both sides have conducted discovery accordingly, ***including PepsiCo itself taking two depositions already without objection***, evidencing a clear implicit agreement to proceed with reasonable depositions relevant to the case against PepsiCo and H-E-B (which the requested depositions undoubtedly are).

PepsiCo and the Pepsi-Supplied Retailers have thus either waived the OGP's pre-Rule-16 provision through their own course of conduct or supplanted any such restrictions through "agreement."  PepsiCo has already noticed and taken two depositions in this case:  the deposition of prosecution counsel Alexander Smushkovich (which PepsiCo has held open for months), and a deposition of a witness for third-party Market Track, LLC.  There was no objection by any PepsiCo-Supplied Retailer or restriction on their use in this case for, or against, any of the Pepsi-Supplied Retailers.  And no party raised an objection under OGP § I in connection with either deposition—evidencing a clear "agreement of the parties" to proceed with depositions in good faith despite (or, at minimum, waiving such objections).  The depositions simply proceeded in good faith that discovery should proceed to move this matter forward efficiently, as PepsiCo's own deposition requests clearly demonstrated.

Having operated that way, PepsiCo and the Pepsi-Supplied Retailers have no sound equitable basis to invoke OGP § I against Amide.  Moreover, the OGP is this Court's own case-management order, and this Court has ample inherent discretion to modify it (which, if

6

necessary, should be done hereunder).  *Cf. U.S. v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) ("A district court has inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (internal citation and quotation marks omitted).

## V.      CONCLUSION

Amide respectfully requests that the Court grant this motion and enter an order:

1.      Compelling Defendants Amazon.com, Inc., Woot.com LLC, Walmart, Inc., Sam's West, Inc., Albertsons, LLC, The Kroger Co., Target Corporation, Walgreen Company, and Costco Wholesale Corporation to designate one or more witnesses to testify on the three topics identified in Amide's respective April 9, 2026 Rule 30(b)(6) deposition notices to each of them and to proceed with those depositions;

2.      Directing the parties to confer in good faith and to schedule each such deposition at a mutually agreeable date and place within thirty days following the Court's granting of this Motion or the Court's denial of the Stay Motion (ECF No. 219), whichever occurs first.

Dated: May 28, 2026

DEVLIN LAW FIRM LLC


*/s/ Joseph J. Gribbin*
Timothy Devlin
tdevlin@devlinlawfirm.com
James M. Lennon
jlennon@devlinlawfirm.com
Joseph J. Gribbin (*pro hac vice*)
jgribbin@devlinlawfirm.com
Andrew DeMarco
ademarco@devlinlawfirm.com
Gina Hong (*pro hac vice*)
ghong@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: (302) 449-9010
Fax: (302) 353-4251

Andrew J. Wright
State Bar No. 24063927
Shawn A. Latchford
State Bar No. 24066603
LARSON BRUSTER PLLC
Heritage II
5001 North LBJ Freeway, Suite 850
Dallas, Texas 75244
877.744.4084 (telephone)
andrew.wright@larsonbruster.com
shawn.latchford@larsonbruster.com

*Attorneys for Plaintiff*
*Amide Beverage Company, LLC*

8

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), counsel for Amide conferred with counsel for Defendants by videoconference on May 21, 2026, regarding the relief sought in this motion. Timothy Devlin (lead) and Andrew Wright (local) participated on behalf of Amide. Timothy Durst (lead and local) participated on behalf of Defendants. The parties were unable to resolve their disagreement during the conference and are now at an impasse.

Similarly, pursuant to Fed. R. Civ. P. 37(a)(1), Amide certifies that it has in good faith conferred with Defendants' counsel in an effort to obtain the requested discovery without court action, but the parties were unable to resolve their disagreement during the conference.

Amide therefore submits this motion to obtain the Court's ruling on the Retailers' objections; the parties have agreed to defer scheduling the depositions in the interim.

/s/ Joseph J. Gribbin
Joseph J. Gribbin


/s/ Andrew J. Wright
Andrew J. Wright

9