# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| AMIDE BEVERAGE COMPANY, LLC<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., WOOT.COM LLC, WALMART, INC., SAM'S WEST, INC., ALBERTSON'S, LLC, THE KROGER COMPANY, TARGET CORPORATION, GNC HOLDINGS, LLC, PEPSICO, INC., WALGREEN CO., CVS PHARMACY, INC., 7-ELEVEN, INC., CIRCLE K STORES INC., COSTCO WHOLESALE CORPORATION, AND H-E-B, LP,<br><br>Defendants. | Civil Action No. 4:24-cv-01022-SDJ<br><br>JURY TRIAL DEMANDED |

**RETAILER DEFENDANTS AMAZON.COM, INC., WOOT.COM LLC, WALMART, INC., SAM'S WEST, INC., ALBERTSON'S, LLC, THE KROGER CO., TARGET CORPORATION, WALGREEN CO., CVS PHARMACY, INC., 7-ELEVEN, INC., CIRCLE K STORES INC., AND COSTCO WHOLESALE CORPORATION'S SUR-REPLY TO PLAINTIFF <u>AMIDE BEVERAGE COMPANY, LLC'S MOTION TO COMPEL (ECF NO. 259)</u>**

Amide's reply does not cure the three central defects in its motion to compel.

First, the Court's Order Governing Proceedings is simple: "[a]bsent agreement of the parties, depositions of witnesses shall not be taken until after the Initial Rule 16 management conference." ECF No. 101 ("OGP") at 5, § I. There has been no Rule 16 conference or party agreement, so Amide's requested depositions "shall not be taken." *Id*. If, as Amide posits, the parties had an "implicit agreement" or "good-faith understanding" to proceed with any and all depositions, Amide surely would have submitted evidence of it. Amide did not. None exists.

Second, Amide does not address any harm that would befall Amide if these depositions are paused pending an outcome on the Stay Motion. Amide also does not address the Stay Motion's likely consequences. Amide suggests, without authority, that it is entitled to depose the Retailer Defendants even if the case against them is stayed and proceeds only against PepsiCo. In doing so, Amide misapprehends the function of a stay, as well as the scope of discovery on damages. In that scenario, where this case proceeds against one defendant (PepsiCo only), the relevant discovery is limited to the royalty base from use made of the alleged invention *by the accused*.

Third, Amide concedes that its requested depositions are more burdensome than it initially portrayed. What were once "single, half-day deposition[s]" of each Retailer on "a small number of financial topics," ECF No. 255 at 2 & ECF No. 259 at 1, are now at least two dozen depositions (and probably more). This shift underscores the flaws in Amide's motion: Amide seeks expansive, burdensome discovery that is barred by the OGP and disproportionate to the needs of the case.

## I.    Amide Cannot Circumvent the OGP's Bar on Depositions Before the Rule 16 Conference.

The OGP bars depositions before the Rule 16 conference absent "agreement of the parties." OGP at 5, § I. The Rule 16 conference has not occurred, and the Retailer Defendants do not agree to be deposed. *See* ECF No. 263 at 2–3.

Amide falls back on an unsupported waiver theory based on an implicit (*i.e.*, non-existent) agreement: these depositions should proceed because of the Retailer Defendants' unspoken, "implicit agreement to move discovery forward." *Id*. at 1.  Unable to supply evidence of an agreement to move discovery forward despite a stay motion intended to conserve judicial resources, Amide implies gamesmanship by the Retailer Defendants by not objecting to PepsiCo's third-party depositions but objecting to Amide's. *Id*. at 2–3.  Amide, however, does not explain why the Retailer Defendants' decision not to object to another party's discovery would waive the Retailer Defendants' right to object to depositions of their own witnesses on different topics.  Nor does Amide cite any authority supporting that proposition.  There is no inconsistency in the Retailer Defendants' position, nor is it "untenable" as Amide now claims. *Id*. at 2.  The Retailer Defendants, like all other parties, did not object to PepsiCo deposing two third-party witnesses. But that stance does not mean that the Retailer Defendants now agree, implicitly or otherwise, to Amide's 30(b)(6) depositions of their own witnesses.

Amide argues that the Court may exempt Amide from the OGP's bar on pre-Rule 16 conference depositions. *See* ECF No. 263 at 3 (citing *U.S. v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005)).  This argument ignores the Retailer Defendants' explanation of how the Court already exercised that discretion—"to minimize unnecessary and premature efforts by the parties and the Court, explaining that '[o]nce the Court has ruled on H-E-B's Motion to Sever and on [the Stay Motion], it will enter an appropriate scheduling order, as needed.'"  ECF No. 260 at 5 (Retailer Defendants' opposition) (quoting ECF No. 233).  For this reason, and by flouting the relief sought by the Stay Motion, Amide's motion is an end-run around issues that are already before the Court or that have already been decided.

II.    **The Pending Stay Motion Justifies Deferring the Requested Depositions.**

Amide attempts to distinguish cases cited by the Retailer Defendants by suggesting that

2

discovery may be stayed by another pending motion only if that motion has potential to end a case. ECF No. 263 at 3. Not so, and Amide does not explain why that distinction matters: whether nominally dispositive or not, the Retailer Defendants' Stay Motion has potential to ensure that the requested depositions never occur. *See* ECF No. 260 at 6 (Retailer Defendants' opposition explaining how possible outcomes on the Stay Motion may well entirely moot the requested depositions). This is in part because if the Court grants the Stay Motion and PepsiCo prevails on invalidity or non-infringement, that ruling will resolve the case against the Retailer Defendants, and these Retailer depositions will never occur. Amide does not dispute that reality.

Amide also fails to address many of the factors relevant to this analysis. Addressing a cherry-picked set of factors from *Von Drake v. Nat'l Broad. Co., Inc.*, Amide quibbles only with the breadth and burden of its request, and the inconsequential fact that the Stay Motion is not case dispositive. No. 3-04-cv-0652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004). But Amide does not argue that (1) it would be harmed delaying the depositions, (2) it needs the depositions to oppose the Stay Motion, or (3) the Stay Motion is unlikely to be granted. *See* ECF No. 260 at 6–7 (citing *Conquest v. Camber Corp.*, 2014 WL 172500, at *1 (W.D. Tex. Jan. 13, 2014)).

Amide contends that it may take those depositions regardless of the Stay Motion's outcome because the Retailer Defendants' revenues are relevant to its damages case. ECF No. 263 at 1. Amide's interpretation of a "stay" would allow discovery to be freely taken from parties against whom a matter is stayed. This misapprehends the meaning and purpose of a stay. More important, Amide does not tie the specific discovery that it now seeks—deposition testimony on financial figures that have already been produced in discovery, and on each Retailer Defendant's marketing, promotion, and use of the accused products—to any claims that would remain unstayed against PepsiCo. For example, Amide does not explain why it needs these requested depositions in

3

addition to the financial documents that it already has.  This failure is particularly telling in light of this Court's observation that even damages methodologies among the various defendants, such as PepsiCo and the Retailer Defendants, are likely to overlap.  ECF No. 257 at 17.

Amide also does not explain why it would need to depose the Retailer Defendants on their marketing, promotion, and use of the accused products (all of which would have occurred beyond PepsiCo's control of the accused products) in an unstayed case against PepsiCo.  Nor does Amide explain how it would be entitled to recovery on a damages royalty base premised on the Retailer Defendants' revenues in an unstayed case against PepsiCo.  The opposite is true, as alleged infringement through resales of the accused products by the Retailer Defendants cannot be part of "a reasonable royalty for the use made of the invention *by the infringer*"—in this scenario, allegedly PepsiCo—because such sales would not constitute patent infringement by PepsiCo.  35 U.S.C. § 284 (emphasis added); *see also AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1343 (Fed. Cir. 2015) ("The royalty base for reasonable royalty damages cannot include activities that do not constitute patent infringement, as patent damages are limited to those adequate to compensate for the infringement." (quotations omitted)).

## III.    Amide's Deposition Notices Are Overly Burdensome.

Amide concedes that these depositions would be more burdensome than it originally suggested, which warrants denying its motion.  Amide first portrayed the depositions as "a single, half-day deposition" of each Retailer on "a small number of financial topics."  ECF No. 255 at 2; ECF No. 259 at 1.  But Amide's reply confirms that these topics are not so limited:

- Amide acknowledges that "more than one corporate designee may be required" for each notice.  ECF No. 263 at 5.  What started as 12 Retailer Defendant depositions— which would already be unduly burdensome—is now likely 24, and Amide's topics could require more.  *See* ECF No. 260 at 9–10 (explaining why Retailer Defendants

would likely need two or three witnesses each to cover Amide's noticed topics). That it might be "ordinary," as Amide puts it (ECF No. 263 at 5), to designate multiple 30(b)(6) witnesses to testify on far-afield topics does not render it any less burdensome.

- Amide now admits that its deposition notices go beyond financial topics. Amide seeks to justify Topic No. 3 ("Marketing, promotion, and use of each of the Accused Instrumentalities") not as a limited "financial topic" but because each Retailer's alleged use of the accused products "is itself a pleaded act of infringement under 35 U.S.C. § 271(a)." ECF No. 263 at 4–5. Considered alongside the impact of the Stay Motion, this topic is as irrelevant as it is broad: Amide does not explain the relevance of this topic in the event the Stay Motion is granted and trial proceeds against PepsiCo only.

- Amide attempts to shoehorn certain Costco and Woot documents within the scope of Topic No. 1 ("The financial documents produced by Defendant bearing [certain specified bates numbers]: their creation, preparation, maintenance, and compilation methodology; the persons, systems, and databases involved; the meaning and accuracy of all data fields and entries."). Doing so only highlights the breadth of the noticed topics. Somehow, what Amide characterizes as a letter from the former Bang manufacturer (showing its own percentage increase in sales) would be in scope as a Costco financial document. ECF No. 263 at 5. And somehow webpages showing the products for sale would be in scope as Woot financial documents. *Id*.

## IV.   CONCLUSION

For the foregoing reasons, the Retailer Defendants respectfully request that the Court deny Amide's motion, and prevent Amide from taking 30(b)(6) depositions of the Retailer Defendants before the Initial Rule 16 management conference and before the Stay Motion is decided.

5

Respectfully submitted,

Dated: June 25, 2026

O'MELVENY & MYERS LLP
By: */s/ Timothy S. Durst*
Timothy S. Durst (TX #00786924)
tdurst@omm.com
John Kappos (TX #24130097)
jkappos@omm.com
Patrick V. Plassio (TX #24102362)
pplassio@omm.com
2801 North Harwood Street
Suite 1600
Dallas, TX 75201-2692
Telephone: (972) 360-1900
Facsimile: (972) 360-1901

*Attorneys for Defendants Albertson's, LLC, Amazon.com, Inc., Costco Wholesale Corporation, CVS Pharmacy, Inc., Sam's West, Inc., Target Corporation, Walgreen Company, Walmart Inc., and Woot.com, LLC*

JACKSON WALKER LLP

By: */s/ Blake T. Dietrich*
Nathaniel St. Clair, II
Texas State Bar No. 24071564
nstclair@jw.com
Blake T. Dietrich
State Bar No. 24087420
bdietrich@jw.com
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 – Fax

*Attorneys for Defendant 7-Eleven, Inc.*

6

Cushman Partners LLC
By: */s/ William P. Atkins*
William P. Atkins
(Virginia Bar No. 47562)
1100 H Street NW
Suite 740
Washington, D.C. 20005
Phone: 202-991-0006
Email: wpa@cushmanlaw.com

Benjamin L. Kiersz
(Virginia Bar No. 47032)
Pillsbury Winthrop Shaw Pittman
1650 Tyson Blvd
McLean, Virginia 22102
Phone: 703-770-7900
Fax: 703/770-7901
Email: benjamin.kiersz@pillsburylaw.com

Gregory P. Love
Steckler Wayne & Love, PLLC
(Texas Bar No. 24013060)
107 E. Main Street
Henderson, Texas 75652
Phone: 903-212-4444
Fax: 903-392-2267
Email: greg@swclaw.com

*Attorneys for The Kroger Co.*

GREENBERG TRAURIG, LLP
By: */s/ Matthew J. Levinstein*
Matthew J. Levinstein
IL State Bar No. 6300343
Email: levinsteinm@gtlaw.com
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-1039
Facsimile: (312) 456-8435
Tyler Andrews
CA State Bar No. 250686
Email: tyler.andrews@gtlaw.com
18565 Jamboree Road, Suite 500
Irvine, CA 92612
Telephone: (949) 732-6500
Facsimile: (949) 732-6501

7

Joseph Griffith
TX State Bar No. 24045982
Email: joseph.griffith@gtlaw.com
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3666
Facsimile: (214) 665-5966

*Attorneys for Defendant Circle K Stores Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 25, 2026, I have electronically filed this document with the Clerk of Court using the ECF system which will send notification of such filing to Plaintiff's counsel of record.

By: */s/ Timothy S. Durst*
Timothy S. Durst

9